SALVATORE BRUSCO *vs.* ANTONIO PATE.

FEBRUARY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of covenant was heard by a justice of the Superior Court and decision was rendered for plaintiff for $400 damages. The case is before this court on defendant's exception to this decision.

The case is brought to recover damages for breach of a covenant contained in a warranty deed of a house and lot

given by defendant to plaintiff. The deed is dated August 17, 1929. Defendant covenanted that he was unmarried. The alleged breach of covenant is that at the time of the execution and delivery of the deed, and ever since then, defendant was married. Plaintiff alleged that he was unable to sell the property because defendant's wife refused to release her right of dower in the granted premises. Defendant pleaded that the deed was not his.

It appeared in evidence that plaintiff gave defendant $1,500 in cash and a mortgage on the property for $2,500, the balance of the purchase price. Plaintiff improved the property at a cost of about $600. In January, 1930, plaintiff had an opportunity to sell the property for $5,000. The buyer had plaintiff's title to the property examined and, upon being told that it was defective because defendant's wife had not released her right of dower, rescinded his agreement to purchase. January 28, the writ in this action was served upon defendant. On the same day defendant and his wife executed a deed conveying said property to plaintiff and left the deed for record at the town clerk's office. This was done without the knowledge or consent of the plaintiff. The trial justice found that defendant was married when he covenanted that he was unmarried and that on account of this breach of covenant plaintiff lost an opportunity to sell his property and make a profit of $400.

Defendant contends that plaintiff is entitled to only nominal damages for breach of the covenant. We cannot agree with this contention. Although an inchoate right of dower is not an estate but only a right of action, still it is in the nature of a lien upon real estate and is treated as an encumbrance to be protected. *Atwood* v. *Arnold*, 23 R. I. 609. Dower is an encumbrance in violation of a covenant against encumbrances. *Shearer* v. *Ranger*, 22 Pick. 447. This court cannot compel a wife to accept other than the statutory provision for dower. *Connole* v. *Connole*, 45 R. I. 1. In *Najarian* v. *Boyajian et als*, 48 R. I. 213, where the vendors' wives refused to release their inchoate rights

of dower we permitted the vendee to elect to take such title as the vendors could convey with equitable deduction for the value of the inchoate dower rights, releases of which the vendors could not secure. The measure of damages for breach of covenant, in accordance with the rule governing damages for breach of contracts generally, is compensation for actual loss suffered by reason of the breach. 15 C. J. 1317.

Plaintiff acted fairly with defendant in this matter. It appears in the record that after plaintiff was informed of the breach of the covenant his agent called upon the defendant and his wife and requested her to execute a deed releasing her right of dower. She refused to execute the deed. Thereupon the vendee rescinded his agreement to purchase the property causing an actual loss of $400 to the plaintiff. We find no error in the decision of the trial justice.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Arthur L. Conaty*, for plaintiff.
*Uldrich Pettine*, for defendant.